IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WALTER L. CARTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil No. 10-266-DRH-CJP** |
| | ) | |
| **MICHAEL J. ASTRUE**, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to **28 U.S.C. § 636(b)(1)(B)**.

In accordance with **42 U.S.C. § 405(g)**, plaintiff Walter L. Carter seeks judicial review of the final agency decision finding that he is not disabled and denying him Disability Insurance Benefits (DIB) pursuant to **42 U.S.C. § 423**.

## Procedural History

Mr. Carter's application for DIB was denied initially and on reconsideration. At plaintiff's request, a hearing was held before Administrative Law Judge (ALJ) Arline Colon on March 4, 2009. (Tr. 28-78). ALJ Colon denied the application for benefits in a decision dated May 6, 2009. (Tr. 17-27). Plaintiff's request for review was denied by the Appeals Council, and the May 6, 2009, decision became the final agency decision. (Tr. 4).

Plaintiff has exhausted his administrative remedies. The Appeals Council granted him an extension of time in which to file a civil action. (Tr. 1). His complaint was filed within the extension and is timely.

1

## Issues Raised by Plaintiff

Plaintiff raises the following issues:

1. The ALJ erred in failing to reconcile conflicts between the testimony of the vocational expert (VE) and the *Dictionary of Occupational Titles* (DOT).

2. The testimony of the VE did not support the ALJ's finding that there are light jobs which plaintiff can perform, in that the VE's testimony was "muddled" and "may or may not be a listing of jobs at the light level."

See, Plaintiff's Brief, Doc. 15, pp. 5-6.

Defendant filed a brief at Doc. 26.

## The ALJ's Decision

ALJ Colon determined that Mr. Carter, who was 52 years old at the time of the decision, had severe impairments of post-laminectomy syndrome involving the cervical region, cervical spondylosis, and adjustment disorder with mixed anxiety and depressed mood. These impairments did not meet or equal a listed impairment.

The ALJ determined that plaintiff has the residual functional capacity (RFC) to perform light work (frequently lift 10 pounds, occasionally lift 20 pounds, and a "good deal of walking or standing," 20 C.F.R. §404.1567(b)), with limitations of occasional pushing and pulling with the arms, occasional climbing of ramps and stairs, occasional postural activities (balance, stoop, kneel, crouch, crawl), and occasional overhead reaching with the right arm. He can never climb ladders, ropes or scaffolds. He is limited to routine, repetitive tasks that require frequent handling and fingering. He requires a cane to rise from a seated position, and cannot be required to keep his head in one position for more than 30 minutes.

Based on the testimony of the VE, the ALJ found that Mr. Carter's RFC makes him unable to do his past relevant work of farm worker, factory worker, phone installer, and sales clerk route driver. Relying on the testimony of VE Lisa Courtney, the ALJ found that plaintiff is able to perform the work of hand stemmer (1,500 jobs in the regional economy), lamp inspector (1,500 jobs), and night patrol inspector (1,200 jobs). The ALJ stated in her decision that these three jobs are classified in the DOT as light and unskilled, and that the VE's testimony was consistent with the DOT. See, ALJ's decision, Tr. 17-27.

## Evidentiary Record

Plaintiff explicitly limits his claim to the two issues set forth above. See, Doc. 15, pp. 4-6.[1] Therefore, the Court's review of the record will focus the VE's testimony.

The ALJ asked the VE to answer several hypothetical questions based on different versions of plaintiff's FRC. The second hypothetical question consisted of RFC findings that the ALJ ultimately adopted. The ALJ asked whether a person with plaintiff's RFC, described above, could perform "any of the work in the national economy." Tr. 62-63. The VE noted that the ALJ was describing the capacity to do "a range of light work, not a full range but not too narrow a range." (Tr. 63). She testified that he could do "some of the hand occupations," specifically, the job of hand stemmer (for instance, removing the caps from strawberries), which is light and unskilled. He could also do the job of lamp tester and night patrol inspector. (Tr. 63-64). The ALJ asked "And have all the jobs cited in your testimony been consistent with the descriptions in

---

[1] In the "prayer for relief" at the end of his brief, Mr. Carter says that the ALJ failed to explain why she gave more credit to the opinion of a physical therapist than to a doctor. Doc. 15, p. 11. Because no argument was made regarding that vague statement, the Court considers the point to be waived. See, *Ehrhart v. Secretary of HHS*, 969 F.2d 534, 537, n. 5 (7th Cir. 1992).

the Dictionary of Occupational Titles?" The VE answered "Yes." (Tr. 65).

The ALJ then asked another hypothetical question based on ability to lift only 5 pounds frequently and 10 pounds occasionally, which is below the lifting requirements for light work. (Tr. 65). In response, the VE testified that he could still do the three jobs she described, and that the numbers of jobs would be the same. She then had an exchange with the ALJ regarding the classification of the job of night patrol inspector. The VE stated that "It's light in the DOT. I might have personally put it more at sedentary." (Tr. 65). She explained that the classifications set forth in the DOT are based not only the amount of weight lifted, but also on how much standing is required. Therefore, the job of lamp inspector could be done by a person who could lift only 5 and 10 pounds. The VE explained that the DOT classifies the job of lamp inspector as light, even though it does not require lifting over 10 pounds, because it requires a lot of standing. (Tr. 66). The ALJ then asked if "that testimony" was consistent with the DOT. The VE answered as follows:

> Well, I don't know that – what is [sic] does say in the DOT is that the type of work an individual does, how demanding the work is may push it up. For instance, a piece rate job, you may be seated but it may be so fast-paced that the DOT will put it at light. Something a little higher, a little more demanding exertional level simply because the work is just so demanding.

Tr. 67.

Upon further questioning, the VE clarified that, if plaintiff were using a case just to assist himself in getting up from a seated position, and not to ambulate, the cane would have no effect on the jobs that she had testified to earlier. (Tr. 71).

## **Applicable Standards**

In the Social Security context, a claimant is "disabled" when he has the "inability to

4

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).** A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. **42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C).**

Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. In essence, it must be determined (1) whether the claimant is presently employed; (2) whether the claimant has an impairment or combination of impairments that is severe; (3) whether the impairments meet or equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education and work experience. **See,** *Schroeter v. Sullivan*, **977 F.2d 391, 393 (7th Cir. 1992);** *Pope v. Shalala*, **998 F.2d 473, 477 (7th Cir. 1993); 20 C.F.R. § 404.1520(b-f).**

If the Commissioner finds that the claimant has an impairment which is severe and he is not capable of performing his past relevant work, the burden shifts to the Commissioner to show that there are a significant number of jobs in the economy that claimant is capable of performing. **See,** *Bowen v. Yuckert*, **482 U.S. 137, 146, 107 S. Ct. 2287, 2294 (1987);** *Knight v. Chater*, **55 F.3d 309, 313 (7th Cir. 1995).**

It is important to keep in mind the proper standard of review for this Court. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial

evidence, shall be conclusive. . . ." **42 U.S.C. § 405(g).** Thus, the Court must determine not whether plaintiff is, in fact, disabled, but whether the ALJ's findings were supported by substantial evidence; and, of course, whether any errors of law were made. **See,** ***Books v. Chater*, 91 F.3d 972, 977-978 (7th Cir. 1996) (citing *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir.1995)).** The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ***Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971).**

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court *does not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. ***Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997).** In analyzing the ALJ's decision for "fatal gaps or contradictions," the Court "give[s] the opinion a commonsensical reading rather than nitpicking at it. ***Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999)**.

## Analysis

Citing SSR 00-4p, plaintiff argues, correctly, that an ALJ is required to identify and resolve any conflicts between the testimony of a vocational expert and the *Dictionary of Occupational Titles*.[2] See also, ***Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006)**. However, this general rule does him no good, since the record reveals that there was no relevant

---

[2]Social Security Rulings "are interpretive rules intended to offer guidance to agency adjudicators." ***Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999)**. Social Security Rulings are "binding on all components of the Social Security Administration." **20 C.F.R. § 402.35(b)(1)**. They do not, however, "have the force of law or properly promulgated notice and comment regulations." ***Lauer, id.***

6

conflict between Ms. Courtney's testimony and the DOT.

Plaintiff focuses on the VE's testimony in response to the ALJ's second question about potential conflicts, at Tr. 67. The VE responded with the statement quoted above, discussing the fact that DOT classifies jobs based on various factors in addition to the amount of weight lifted. Plaintiff recognizes that the ALJ's question "could be construed as" referring to the VE's last answer, but argues that "we cannot be sure." See, Doc. 15, p. 7.

On the contrary, a common-sense reading of the transcript indicates that the VE's second question about possible conflicts with the DOT referred to the testimony that was given in response to the third hypothetical, in which the VE was asked to assume that plaintiff could lift only 5 to 10 pounds. Light work generally requires the ability to frequently lift 10 pounds and occasionally lift 20 pounds. 20 C.F.R. §404.1567(b). The assumption that he could lift only 5 to 10 pounds generated the discussion of the fact that the DOT classifies some jobs as light even though they do not require the ability to lift 10 pounds frequently and 20 pound occasionally. According to the VE, this is the case with the 3 jobs that she had identified; even though those jobs are classified as light by the DOT, a person who could lift only 5 to 10 pounds could still perform them. See, Tr. 66-67.

This testimony has no relevance to the ALJ's ultimate decision because she found that Mr. Carter has the ability to perform light work as defined in Section 404.1567(b), with some limitations not related to the amount of weight he could lift. (Tr. 21). By definition, the ALJ found that he had the ability to frequently lift 10 pounds and occasionally lift 20 pounds. Thus, the VE's testimony that the DOT classifies some jobs as light even though they really do not require the lifting ability specified in Section 404.1567(b) is simply not relevant to the ALJ's

7

decision. The ALJ's failure to resolve an irrelevant conflict with the DOT is not error. See, ***Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009).**

Plaintiff's second point is that the VE's testimony was "muddled" and it is unclear whether she was classifying the jobs that she testified to (hand stemmer, lamp tester and night patrol inspector) as sedentary or light.

Plaintiff is trying to create uncertainty where none exists. The VE clearly testified in response to the second hypothetical that the three jobs were light. She said the hypothetical described "a range of light work" and then identified the three jobs. (Tr. 63-64). And, in fact, the DOT does classify these three jobs as light. See, Doc. 26, Ex. 1, 2 & 3.

In any event, whether the jobs are light or sedentary makes no difference to the ALJ's decision, since she found that plaintiff has the RFC to do light work. If a person can do light work, he can also do sedentary work, unless there are other limiting factors. 20 C.F.R. §404.1567(b).

In sum, Mr. Carter does not challenge the ALJ's finding that he has the ability to do a range of light work. The VE testified that the three jobs in issue are light jobs, and the DOT also classifies these jobs as light. Therefore, there was no relevant conflict for the ALJ to have resolved.

### Recommendation

For the reasons discussed above, this Court recommends that the final decision of the Commissioner of Social Security finding that plaintiff Walter J. Carter is not disabled, and therefore not entitled to Disability Insurance Benefits, be **AFFIRMED.**

Objections to this Report and Recommendation must be filed on or before **May 9, 2011.**

**Submitted: April 21, 2011.**

                                  <u>**s/ Clifford J. Proud**</u>
                                  **CLIFFORD J. PROUD**
                                  **UNITED STATES MAGISTRATE JUDGE**