IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER L. CARTER,

**Plaintiff,**

v.

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

**Defendant.**                                                                               No. 10-266-DRH-PMF

**ORDER & MEMORANDUM**

**HERNDON, Chief Judge:**

This case is here on "objections" to magistrate judge Clifford J. Proud's (the "magistrate") report and recommendation (the "report") suggesting that the commissioner of social security's decision denying plaintiff Walter L. Carter disability insurance benefits be affirmed. Plaintiff filed his objections, complaining that the magistrate mischaracterized vocational expert Lisa Courtney's (the "VE") testimony regarding sedentary work and inappropriately relied on the rule of law that a person who can do light work can also do sedentary work. The Court accepts the magistrate's recommendation to affirm the commissioner's decision to deny plaintiff disability insurance benefits.

**I. Background**

On April 9, 2010, plaintiff filed suit against defendant Michael J. Astrue, commissioner of social security (the "commissioner"), seeking judicial review of the

commissioner's decision to deny benefits to plaintiff (Doc. 2).  Specifically, pursuant to 42 U.S.C. § 405(g), plaintiff sought judicial review of the commissioner's decision to deny plaintiff disability insurance benefits.  On October 28, 2010, plaintiff filed a motion for reversal and remand of the ALJ's hearing decision (Doc. 15).  Defendant filed a brief in response (Doc. 26), and on April 22, 2011, the magistrate issued the report pursuant to 28 U.S.C. § 636(b)(1)(B) (Doc. 35), recommending that the commissioner's finding that plaintiff was not disabled and therefore not entitled to disability insurance benefits be affirmed.  The report was sent to the attorneys of record with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the report.  Plaintiff timely filed objections to the report (Doc. 28).  Defendant did not file a response to plaintiff's objections.  Because plaintiff filed objections, this court must make a de novo determination of any part of the magistrate judge's disposition that has been properly objected to and may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); SDIL-LR 73.1(b).  For the reasons that follow, the Court accepts the magistrate's recommendation to affirm the commissioner's decision to deny plaintiff disability insurance benefits.

## II. Analysis

To qualify for disability benefits or supplemental security income, a claimant must be "disabled."  *Barnhart v. Thomas*, 540 U.S. 20, 21 (2003). "Disabled" is defined as the "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A person qualifies as disabled, and thereby eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.*

A five-step sequential evaluation process is used to determine whether an applicant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The steps are followed in sequential order from step one to five until a determination can be made as to whether the applicant is disabled or not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(4). If that decision cannot be made prior to step four, the applicant's residual functional capacity (RFC) is assessed so that it can be used in steps four and five, if needed. 20 C.F.R. §§ 404.1520(a)(4), 416.920(4). "Your residual functional capacity is the most you can still do despite your limitations." 20 C.F.R. § 416.945.

Here, plaintiff does not object to any of the findings at step one through four.  Thus, the Court only concerns itself with step five:

> "At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make an adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled."   20 C.F.R. 416.920(a)(4)(v).

The claimant's age, education, and work experience are the so called "vocational factors" used along with a claimant's RFC to determine whether a claimant can make an adjustment to other work.  See *Thomas*, 540 U.S. at 23; 20 C.F.R. § 404.1520(g).

Here, plaintiff makes two objections, both of which relate to the magistrate's findings regarding the VE's testimony about sedentary work under the Dictionary of Occupational Titles (DOT).  First, plaintiff objects to the rationale for why the VE's testimony at page seven of the report is valid.  Specifically, plaintiff contends that the VE would list the night patrol inspector job as sedentary, and that the VE's rationale for not eliminating the other jobs listed, i.e., hand stemmer and lamp inspector, also indicates that the VE believed those jobs were more accurately listed at the sedentary level.  Second, plaintiff objects to the relevance of plaintiff's possible performance of sedentary work.  As support, plaintiff points out that plaintiff was fifty years old at the time of the hearing and cites to 20 C.F.R. § 404.1563 and the Medical-Vocational Guidelines 201.00(g) to bolster plaintiff's argument that "[e]ven if sedentary level jobs could be listed they would not direct a finding of unfavorable in the case at bar (although they would lead to an amended onset date)."

Plaintiff is referring to 20 C.F.R. § 404.1563(d)'s provision that provides that "[i]f you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work." 20 C.F.R. § 404.1563(d). Section 201(g) of the Medical-Vocational Guidelines provides as follows:

> "Individuals approaching advanced age (50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains. However, recently completed education which provides for direct entry into sedentary work will preclude such a finding. For this age group, even a high school education or more (ordinarily completed in the remote past) would have little impact for effecting a vocational adjustment unless relevant work experience reflects use of such education." 20 C.F.R. Part 404 Appendix 2, § 201.(g).

Plaintiff's arguments go directly to whether plaintiff should have been classified as being able to perform jobs at the sedentary or light work level. Accordingly, a certain level of background information about sedentary and light work is helpful. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

Light work, on the other hand, "involves lifting no more than 20 pounds

at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* at (b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Id.* "If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *Id.*

The testimony over which the plaintiff complains concerns the VE's testimony in response to administrative law judge Arline Colon's (the "ALJ") hypothetical questions. After determining that a hypothetical person with the RFC assessed to plaintiff by the state agency could not perform all plaintiff's past relevant work, the ALJ asked the VE if a person with the same RFC plus the "additional limitation of unskilled work to account for any mental or emotional overlay" could perform any work in the national economy. The VE found that there would be other jobs in the national economy in "a range of light work, not a full range but not too narrow a range." The VE then testified that there would be about 1500 hand stemmer jobs in the region and about 10,000 in the United States, about 1600 lamp tester jobs in the region and about 20,000 in the United States, and about 1200 night patrol inspector jobs in the region and about 15,000 in the United States. The ALJ then posed additional hypothetical questions by adding other restrictions to this

hypothetical person before the following colloquy took place:

> [ALJ]: And have all the jobs cited in your testimony been consistent with the descriptions in the [DOT]?
>
> [VE]: Yes.
>
> [ALJ]: Okay. Let's see. Okay. If I gave limitations of lifting to not the full range of 10/20, but more of the 5/10, five pounds frequently, 10 pounds occasionally. Everything else remaining the same that I've built on, you know, from the state agency, not the, not the FCE. Would that change your testimony regarding these jobs?
>
> [VE]: As long as he can, you know, there's no restriction on – night patrol inspector that really has no lifting.
>
> [ALJ]: Okay.
>
> [VE]: It's light in the DOT. I might have personally put it more at sedentary. But in the DOT and because some of them do have to drive around in a truck or something, just on the grounds of the plant setting or something, that might be why they put it at light because every so often they might have to use their feet on a gas pedal or something. But these jobs, they're standing more than they're sitting, so they're classified as light. But I doubt that any of the numbers that I gave you in each one of these, that that would rule them out even though this is more of a listing for sedentary work. The Department of Labor doesn't just classify jobs just according to weight. If the individual was standing the majority of the day, then it would push it up to light work, even though they might be lifting nothing.
>
> [ALJ]: Okay. So these jobs would accommodate a restriction of lifting five pounds frequently and 10 pounds occasionally?
>
> [VE]: I think these particular ones, like plugging a lamp to see if it works, there's really not a lot of lifting on that, no more than 10 pounds. But you are standing.
>
> [ALJ]: Right, I understand the standing. But I'm considering if I should see Dr. Rohrer's restrictions, and if there is a 10-pound lifting restriction.
>
> [VE]: I mean I could certainly name sedentary jobs as well as these, but I don't think any of the numbers that I

Page 7 of 14

> [ALJ]: gave you that I would reduce the number of these light jobs.
> 
> [ALJ]: If he was only limited to the right, that lifting restriction in the left I think he testified he could do a little bit more, would that change –
> 
> [VE]: I don't believe it would have any impact on the numbers and types of jobs that I gave.
> 
> [ALJ]: Okay. And then that testimony is consistent with the [DOT]?
> 
> [VE]: Well, I don't know that – what i[t] does say in the DOT is that the type of work an individual does, how demanding the work is may push it up. For instance, a piece rate job, you may be seated but it may be so fast-paced that the DOT will put it at light. Something a little higher, a little more demanding exertional level simply because the work is so demanding.
> 
> [ALJ]: Okay.
> 
> [VE]: It does say, it does say things like that but it really doesn't get as specific. I'm just answering your question based on my opinion testimony, what I've seen in the workplace.
> 
> [ALJ]: Okay.
> 
> [VE]: Obviously there's a whole lot more. Let me give you an example, like at light and unskilled in the packers and hand packers where I put that stemmer, hand stemmer. There is over 14,000 jobs. But because his RFC is pretty restricted —
> 
> [ALJ]: Uh-huh.
> 
> [VE]: – I just, and I know this area better than these people that put out this employment quarterly. I knocked it down to a much lower number 1500.
> 
> [ALJ]: Okay. All right. I don't have anymore questions, [plaintiff's counsel]. Do you have any questions?"

Based upon that colloquy and the other pertinent testimony, the ALJ made the following relevant findings in her decision:

> "If the claimant had the residual functional capacity to perform the full range of light work, a finding of 'not disabled' would be directed by Medical-Vocational Rules 202.21, 202.22 and Rules 202.14 and 202.15. However, the claimant's ability to perform all

> or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the [ALJ] asked the [VE] whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.
>
> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as hand stemmer (DOT 521.687-134), which is classified in the DOT as light and unskilled with 1,500 jobs in the regional economy and 15,000 jobs in the national economy; lamp inspector (DOT 723.687-014) (light and unskilled) (1,500 and 20,000); and night patrol inspector (DOT 824.683-010) (light and unskilled) (1,200 and 15,000). The regional economy is defined as Evansville, Indiana plus 150 mile radius.
>
> Pursuant to SSR 00-4p, the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Based on the testimony of the [VE], the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate under the framework of the above-cited rules."

Plaintiff filed a motion for reversal and remand of the ALJ's hearing decision, raising two issues. First, plaintiff contended that the ALJ violated Social Security Ruling 00-4p that requires the ALJ reconcile the VE's testimony with the DOT. Second, plaintiff argued that the ALJ's assertion in her decision that the VE gave testimony about light jobs that exist in the national economy was inconsistent with a more careful reading of the VE's testimony which revealed muddled testimony that may or may not be a listing of jobs at the light level.

In the report, the magistrate responded to plaintiff's arguments by acknowledging that the ALJ was required to identify and resolve any conflicts between the testimony of the VE and the DOT, *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006), but found that the record revealed no relevant conflict between the VE's testimony and the DOT. Instead, the magistrate found that the VE's testimony had no relevance to the ALJ's decision because the ALJ found that plaintiff had the ability to perform light work as defined in 20 C.F.R. § 404.1567(b) with some limitations not related to the amount of weight he could lift. Specifically, the magistrate found that "the VE's testimony that the DOT classifies some jobs as light even though they really do not require the lifting ability specified in [§] 404.1567(b) is simply not relevant to the ALJ's decision."

In response to plaintiff's second argument, the magistrate found the VE's testimony was not muddled and that the VE clearly testified that light jobs existed in the national economy. Further, the magistrate explained, "[i]n any event, whether the jobs are light or sedentary makes no difference to the ALJ's decision, since she found that plaintiff has the RFC to do light work. If a person can do light work, he can also do sedentary work, unless there are other limiting factors. 20 C.F.R. §[]404.1567(b)."

*A. Objection I*

Plaintiff's entire first objection is as follows:

> "The [report] issued in this case leaves out some important phrasing by [the VE], which changes the nature of her testimony, specifically [plaintiff] objects to the rationale for why the VE's testimony is valid at page 7 of the Magistrate's April 21, 2011 [report].

Page 10 of 14

> [Plaintiff] finds this testimony objectionable because it misses the main problem with [the VE's] testimony. Namely, that [the VE] in the case of [plaintiff], would herself list the night patrol inspector job as sedentary. *See, Tr,* 66-67. While the other two jobs are not addressed in the same fashion, she uses the same rationale for not eliminating the other two jobs listed, namely that the [DOT] will push up the jobs to light because of a more demanding exertional level. *See, Tr.* 66-67. A plain reading of this testimony would show that [the VE] also believes the other jobs listed are more accurately listed at the sedentary level."

Under Social Security Ruling 00-4p, the ALJ has an "affirmative responsibility" to ask if the VE's testimony conflicts with the DOT, and if there is an "apparent conflict," the ALJ must obtain "a reasonable explanation." *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (quoting 2000 SSR LEXIS 8). More specifically, Social Security Ruling 00-4p provides as follows:

> "[B]efore relying on VE . . . evidence to support a disability determination or decision, . . . adjudicators must:
>
> • Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the [DOT] . . . and
>
> • Explain in the determination or decision how any conflict that has been identified was resolved." 2000 SSR LEXIS 8.

Here, the magistrate found the testimony had no relevance to the ALJ's ultimate decision because the ALJ found plaintiff had the ability to perform light work with limitations not related to the amount of weight he could lift. The Court disagrees that the VE's testimony had no relevance to the ALJ's decision. In fact, the ALJ specifically found in her decision that the "claimant's ability to perform all or substantially all of the requirements of [the light] level of work has been impeded by

additional limitations." As a result, "[t]o determine the extent to which these limitations erode the unskilled light occupational base, the [ALJ] asked the [VE] whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and [RFC]." Nevertheless, the Court finds that the ALJ did exactly what she was supposed to do.

First, when a potential conflict arose between the VE's testimony and the DOT, the ALJ asked if the VE's testimony regarding her statement that while the DOT classified the night patrol inspector as light, she "might have personally put it more at sedentary" was consistent with the DOT. The VE responded, "Well, I don't know that - what [i]t does say in the DOT is that the type of work an individual does, how demanding the work is may push it up." The VE then went on to give examples of when she might classify a job as sedentary but the DOT might classify it as light because it might be a more demanding sedentary job that the DOT would classify as light. She stated that the DOT "does say things like that but it really doesn't get as specific. I'm just answering your question based on my opinion testimony, what I've seen in the workplace." This was a reasonable explanation based on the VE's experience that did not conflict with the DOT and the ALJ specifically found in her decision that no conflict existed, finding that the VE's "testimony is consistent with the information contained in the [DOT]." Thus, the ALJ did not fail to resolve an irrelevant conflict with the DOT because there was no conflict. While the Court disagrees with the magistrate's reasoning completely, it does not require a change in his result or a need for the Court to reject his recommendation.

*B. Objection II*

Plaintiff's second objection is as follows:

> "[Plaintiff] also objects to the fallback position of the [report] at page 8 of the [report]. Specifically, the report makes the argument that this is all for not, because even if [plaintiff] was correct in his brief that the testimony was invalid, or the jobs were listed at sedentary, a person who can do light work can also do sedentary work, unless there are other limiting factors 20 C.F.R. § 404.1567.
> While this is a correct statement of the law it is an invalid fallback position. As pointed out in [plaintiff's] brief in the summary of the argument section, [plaintiff] was 50 at the time of the hearing and therefore, the ALJ was required to show that [plaintiff] could perform his past relevant work, or that jobs existed at significant numbers in the national economy at the light level. 20 CFR § 404.1563; Medical-Vocational Guidelines 201.00(g). Even if sedentary level jobs could be listed they would not direct a finding of unfavorable in the case at bar (although they would lead to an amended onset date)."

Plaintiff's objection is a distinction without a difference. First, the ALJ did show that jobs existed at significant numbers in the national economy at the light level, finding that plaintiff would be able to perform the occupations of hand stemmer, lamp inspector, and night patrol inspector, all jobs that were classified as light in the DOT. Second, plaintiff's attempt to bring into play § 201(g) of the Medical-Vocational Guidelines is misplaced. Section 201(g) of the Medical-Vocational Guidelines provides that "[individuals approaching advanced age (50-54) may be significantly limited in vocational adaptability *if they are restricted to sedentary work.*" 20 C.F.R. Part 404 Appendix 2, § 201(g) (emphasis added). Again, the ALJ never found that plaintiff was restricted to sedentary work so this section does not apply. Third, the ALJ did find that "claimant subsequently changed age category to

closely approaching advanced age," 20 C.F.R. § 404.1563, and did consider plaintiff as approaching advanced age. Thus, the Court fails to see how the magistrate's position was an invalid fallback position. See 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). The magistrate's findings with regard to this objection support his recommendation and the Court accepts the findings and the recommendation.

### III. Conclusion

For the reasons stated above, the Court accepts the recommendation made by the magistrate (Doc. 35). The final decision of the commissioner finding that plaintiff is not disabled and therefore not entitled to disability insurance benefits is affirmed.

**IT IS SO ORDERED.**

Signed this 9th day of September, 2011.

David R. Herndon
2011.09.09
06:13:55 -05'00'

**Chief Judge
United States District Court**